**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenae Finton, et al., | No. CV-19-02319-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Cleveland Indians Baseball Company LLC, et al., | |
| Defendants. | |

The Court has reviewed the parties' Joint Motion re Discovery Dispute (Doc. 48) (the "Motion"). The Motion concerns the Plaintiffs' Rule 30(b)(6) deposition notice (Doc. 46) and Defendant Cleveland Indians Baseball Company, LLC's (the "Club") deposition notice for the Plaintiff Jenae Finton (Doc. 47).

In the Motion, Plaintiff's Counsel explains the efforts that she made to work with the Club's Counsel to schedule the Rule 30(b)(6) deposition prior to the extended fact discovery cutoff date of May 29, 2020. These efforts include describing attempts to coordinate deposition scheduling with the Club's Counsel. The reasons proffered by the Club are that they "did not anticipate all of the consequences of the various measures that the Club had to take to deal with the Coronavirus pandemic . . . [,]" and that it is not conducting business at this time.

The Court construes the Plaintiff's position as asking that the depositions proceed, as noticed. The depositions shall proceed, as noticed and with prepared witnesses. There are several reasons justifying this course of action. First, the discovery schedule was

already extended at the parties' request. (Doc. 42.) Second, it appears from the Motion that Defendant's Counsel simply ignored Plaintiff's Counsel's efforts to coordinate the Rule 30(b)(6) deposition. The Club's position statement does not even attempt to explain its lack of communication with opposing counsel. Third, the Plaintiff may suffer economic hardship if the schedule is extended. This includes potential lost wages and forfeited funds advanced for the deposition. Fourth, the Club's generalized use of the Coronavirus pandemic as an excuse to delay discovery for the past several weeks, without providing specific details applicable in this situation, fails to show good cause. The Club does not explain why it could not follow the extended fact discovery deadline with the accommodations offered by Plaintiff. Finally, the Club's apparent justification that it was not open for operations also fails to show good cause. The Court regrets that it must remind the Club that it is a party to litigation in the United States Courts. It is subject to an active scheduling order. As such, it has an obligation to adhere to that order unless otherwise notified by the Court. It must make employees available for discovery purposes.

Accordingly,

**IT IS ORDERED** granting the Plaintiff's request. (Part of Doc. 48.) The Rule 30(b)(6) deposition of the Club (Doc. 46) is ordered to proceed, as noticed. The deposition of Jenae Finton (Doc. 47) is ordered to proceed, as noticed.

**IT IS FURTHER ORDERED** denying the Club's request to amend the scheduling order for a second time. (Part of Doc. 48.) The current scheduling order remains in effect.

Dated this 27th day of May, 2020.

Michael T. Liburdi
United States District Judge