**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenae Finton, et al., | No. CV-19-02319-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Cleveland Indians Baseball Company LLC, | |
| Defendant. | |

Before the Court is Plaintiffs Janae and Trevor Finton's (collectively, "Ms. Finton") Motion for Clarification/Modification of the Court's February 19, 2021 Order Regarding Summary Judgment (the "Motion"). (Doc. 88.) Defendant Cleveland Indians Baseball Co., LLC (the "Club") filed a response. (Doc. 90.) The Court resolves this Motion as follows.[1]

**I.**

"There is no Federal Rule of Civil Procedure specifically governing motions for clarification." *Adams v. Symetra Life Ins. Co.*, No. CV-18-0378-TUC-JGZ (LAB), 2020 WL 4814249, at *1 (D. Ariz. Aug. 19, 2020) (quoting *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018)). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* A motion for reconsideration invites the court to re-litigate a matter,

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

but it is appropriate in only "rare circumstances." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence [that could not have been presented earlier with reasonable diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g).

A motion for reconsideration should not be used to ask the court to rethink its previous ruling, whether that was decided "rightly or wrongly." *Defs. of Wildlife*, 909 F. Supp. at 1351. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may the motion repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere disagreement with a previous order cannot be a basis for reconsideration. *See Adams*, 2020 WL 4814249, at *2.

**II.**

This Court has previously set forth this case's background in detail. (Doc. 75.) At issue now is Ms. Finton's Motion asking this Court to reconsider a portion of its February 19 Order. Specifically, Ms. Finton objects to this Court's grant of summary judgment to the Club on Count IV—Ms. Finton's "Arizona Wage Law Failure to Pay Wages" claim.[2] (Doc. 88 at 1–2.) Ms. Finton contends that the Court foreclosed her "only avenue" for recovering unpaid wages under Count IV "because of a potentially mistaken belief that Ms. Finton alleged a state law claim for overtime pay . . . instead of a garden variety claim for unpaid wages under Arizona law." (*Id.* at 2.) The Court agrees, in part, with Ms. Finton's characterization.

---

[2] Count IV was brought only against the Club. (Doc. 24.) The Club is the sole defendant remaining in this case.

In the Amended Complaint, Ms. Finton alleges that the Club did not pay her wages owed in violation of A.R.S. § 23-352, which provides that "[n]o employer may withhold or divert any portion of an employee's wages." (Doc. 24.) The Amended Complaint does not specify what unpaid wages are included in her Count IV claim. In her Motion for Summary Judgment, however, Ms. Finton argued that she is owed unpaid wages under Count IV based on "the Club's refusal to pay Finton for her overtime, failure to pay her minimum wage, and actions in reducing Finton's reported time, refusing to record her reported hours, and requiring or permitting her to work without compensation." (Doc. 58 at 15.) In a subsequent response to the Club's Motion for Summary Judgment, Ms. Finton argued that she was seeking unpaid wages that do not include overtime hours. (Doc. 68 at 13–14.) The Court premised its decision on Ms. Finton's arguments set forth in her summary judgment motion and found Count IV preempted by the Fair Labor Standards Act ("FLSA"). (Doc. 75 at 17–19.) The inconsistency in Ms. Finton's filings caused the Court to evaluate her Count IV claim as it did and grant the Club summary judgment. (*Id.*)

After reading Ms. Finton's instant Motion, the Court now understands her Count IV claim only to include recovery of unpaid wages at the "regular hourly rate, plus treble damages, not overtime pay under Arizona's wage laws." (Doc. 24 ¶ 118; Doc. 88 at 1–3.) With this understanding, Ms. Finton may pursue her A.R.S. § 23-352 claim and Count IV is not preempted by the FLSA. *See Vail v. Kopper Crest Manor on Harris LLC*, No. CV-18-00908-PHX-GMS, 2019 WL 2869672, at *3 (D. Ariz. July 3, 2019). The Club also recognizes this distinction and agrees with Ms. Finton that the FLSA "does not preempt her claim for hours that she asserts she worked but that do not constitute overtime hours."[3] (Doc. 90 at 2.) The Court therefore finds that granting summary judgment was not appropriate on that basis.

The Motion, the Club's response, and previous filings make clear that there is still

---

[3] The Court acknowledges that by agreeing on this point, the Club does not "waive any of its other rights to contest or dispute Ms. Finton's claim to compensation for such hours." (Doc. 90 at 2.)

a factual dispute about what unpaid wages Ms. Finton can be compensated for under Count IV. (*See, e.g.*, Docs. 88, 90.) There is also a genuine issue of material fact as to how many, if any, hours Ms. Finton is owed in unpaid wages. Ms. Finton will continue to have the burden to prove that she is entitled to compensation for unpaid wages for a specified amount to be proven at trial. The Court therefore vacates in part its prior ruling (Doc. 75) and denies summary judgment to both parties for Count IV.

### III.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Clarification/Modification of the Court's February 19, 2021 Order Regarding Summary Judgment (Doc. 88) is **granted**.

**IT IS FURTHER ORDERED** that the Court's February 19, 2021 Order (Doc. 75) is vacated in part, to the extent set forth herein.

Dated this 26th day of April, 2021.

Michael T. Liburdi
United States District Judge