**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenae Finton, et al., | No. CV-19-02319-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Cleveland Indians Baseball Company LLC, et al., | |
| Defendants. | |

Plaintiffs Jenae and Trevor Finton filed a Motion for Award of Attorneys' Fees pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341.01, and LRCiv 54.2. (Doc. 100 at 1). The Court grants the Motion in part.

**I.   BACKGROUND**

From November 2015 to January 2019, Ms. Finton worked for the Cleveland Indians Baseball Company LLC ("the Club") as a part-time Assistant of Arizona Operations. (*Id.* ¶¶ 18, 20; Doc. 11 ¶¶ 13, 15.) During this time, Ms. Finton alleges she was frequently required to "work off-the-clock and to volunteer her time." (Doc. 1 ¶ 24.) She worked on the Club's behalf—without pay—preparing for various events including a golf tournament, multiple events with the Arizona Diamondbacks, and an event with the Southwest Valley Chamber of Commerce. (Doc. 1 ¶¶ 25, 29–30). Ms. Finton also contends that Mr. Lantz, who served as her supervisor, told her "in order to succeed in baseball, she needed to be willing to work off-the-clock." (Doc. 1 ¶ 24.)

When Ms. Finton asked Mr. Lantz about being paid for that time, Plaintiffs allege

that Mr. Lantz informed Ms. Finton that she needed to volunteer her time and that "[t]hat's just what you have to do to get ahead here." (*Id.* ¶ 28.) Plaintiffs further assert that Ms. Finton was frequently required "to answer emails, phone calls, [FaceTime] calls, and text messages while she was off-the-clock." (*Id.* ¶ 32; *see also* ¶¶ 33–35, 37–40.)

During this time, Ms. Finton did not have access to a time clock and was required to log her hours into an online time tracker. (*Id.* ¶¶ 41–42.) But this time tracker was frequently inaccessible due to technological problems. (*Id.*) Plaintiffs claim that as a result, Mr. Lantz instructed Ms. Finton to email her hours to him, and assured her that he would communicate them to the Club's payroll department or enter them into the time tracker on her behalf. (*Id.* ¶ 45.) Mr. Lantz thereafter "deliberately falsified Ms. Finton's time records to deprive her of her overtime and to conceal the fact that he was requiring or permitting Ms. Finton to work more than 40 hours per week." (*Id.* ¶ 56.)

In April 2019, Plaintiffs filed suit against the Club and Ryan and Lisa Lantz (collectively, the "Defendants") for willful violations of the minimum and overtime wage requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, and Arizona's minimum wage and wage payment requirements, A.R.S. §§ 23-363 and 23-355. (*Id.* ¶¶ 68, 74–75, 78).

Prior to trial, and over two years after filing suit, Plaintiffs settled their FLSA and Arizona wage law claims against Defendants. (Doc. 94 at 1.) The Joint Notice of Settlement expressly provides that "[P]laintiffs may file for the Court's consideration and ruling an application of the type that the prevailing party in an action under the Fair Labor Standards Act and Arizona's Wage laws would file seeking attorney fees." (*Id.*) Plaintiffs subsequently filed this Motion for Award of Attorneys' Fees in the amount of $124,492.[1] This request includes $7,650 "in additional fees incurred in preparing Plaintiffs' reply in support of her fee application." (Doc. 104 at 11.) Defendants oppose Plaintiffs' motion. (Doc. 103.)

---

[1] This number reflects Plaintiffs' subtraction of $14,000 in fees to account for time spent on unsuccessful claims. (Doc. 100-2 ¶ 28.) Moreover, Plaintiffs' time sheet at Doc. 100-9 contains an addition error. Plaintiffs' stated fee request should include the final three entries, to add to a total of $116,842.00 instead of $114,719.50.

## II.   LEGAL STANDARD

The FLSA requires that, upon application, the Court award the prevailing party reasonable attorneys' fees.[2] 29 U.S.C. § 216(b). Accordingly, before the Court awards attorneys' fees, it must determine the prevailing party and whether the requested attorneys' fees are reasonable. LRCiv 54.2(c); *e.g., McGlothlin v. ASI Capital Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) ("A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable . . . . To be entitled to an award, Plaintiff must have prevailed in this matter.").

29 U.S.C. § 216(b) "has been liberally interpreted to apply when an FLSA plaintiff prevails in a settlement before trial." *Id.* The Ninth Circuit has applied a three-part test to determine whether a settlement agreement makes a plaintiff a prevailing party. *Harris v. Advanced Care Internal Med. PLLC*, No. 21-15184, 2021 WL 5505412, at *1 (9th Cir. Nov. 24, 2021). The Court must consider "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the plaintiff's] claims." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) (quoting *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009)) (alteration in original).

To determine the reasonableness of a requested award of attorneys' fees, the Court must use the "loadstar" approach. *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 Fed. Appx. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). The Court may adjust the lodestar amount to account for the *Kerr* factors. *Gary v. Carbon Cycle Ariz. LLC*, 398

---

[2] The Court notes that Plaintiffs also asserted that they are owed reasonable attorneys' fees under Arizona law. The Court finds the FLSA to be a sufficient basis on which to award attorneys' fees.

- 3 -

F. Supp. 3d 468, 485 (D. Ariz. 2019). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

## III. DISCUSSION

### A. Eligibility for and Entitlement to Attorneys' Fees

Because Plaintiffs settled their claims against Defendants (Doc. 94 at 1), the Court must consider "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the Plaintiffs'] claims" in determining whether the settlement agreement conferred prevailing party status on Plaintiffs. *La Asociacion de Trabajadores de Lake Forest*, 624 F.3d at 1089.

First, the Court finds that the parties' Settlement Agreement is judicially enforceable. The Court approved the parties' settlement agreement and directed the Clerk to dismiss the entire case. (Doc. 99 at 1.) "When 'the district court [has] placed its stamp of approval on the relief obtained, that relief has the necessary judicial imprimatur to qualify a plaintiff as a prevailing party.'" *La Asociacion de Trabajadores de Lake Forest*, 624 F.3d at 1089 (quoting *Carbonell v. I.N.S.*, 429 F.3d 894, 901 (9th Cir. 2005)) (alteration in original).

Second, the legal relationship between the parties has been materially altered. Defendants, as judgment debtors, are now required to compensate Plaintiffs for unpaid minimum and overtime wages. Plaintiffs now possess a legally enforceable judgment to that effect. (*See* Doc. 99.) Plaintiffs have also received actual relief. Under the terms of the Settlement Agreement, Plaintiffs received "the full amount . . . sought." (Doc. 100 at 3.)

Thus, the Settlement Agreement confers prevailing party status upon Plaintiffs. *See Orozco v. Borenstein*, No. CV-11-02305-PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 28, 2013) (holding that the settlement agreement in the case made plaintiff the prevailing party because it was "the filing of [the] action that caused defendants to pay [the plaintiff] and members of the putative class unpaid wages"). Because Plaintiffs are the prevailing party in this dispute, they are eligible for reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

### B.     Reasonableness of Requested Attorneys' Fees

Plaintiffs request an award of "at least $121,434." (Doc. 104 at 11.) The Court must apply the loadstar approach to determine whether this request is reasonable. *Coe*, 2022 WL 508841, at *1. To calculate the loadstar amount, the Court considers whether a reasonable number of hours were expended and whether those hours were billed at a reasonable rate. *Id.* "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary*, 398 F. Supp. 3d at 485 (quoting *Carson v. Billings Police Dept.*, 470 F.3d 889, at 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

Attorney Creta charged a rate of $350 per hour in 2019, $365 per hour in 2020, and $375 per hour in 2021 and 2022, except for when she performed work that could have been performed by a paralegal, when she charged a rate of $150 per hour. (Doc. 100 at 8, 9.) Attorney Creta also contracted for senior and junior paralegal services, as well as the services of a legal research assistant. (*Id.*) These individuals were billed at a rate of $95, $35, and $20 per hour respectively. (*Id.*) The Court finds that an hourly fee in the range of $300 to $400 to be reasonable in this market. *See e.g., Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour); *Mayweathers v. Iconic Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700 at *3 (D. Ariz. Nov. 10, 2020) (awarding attorneys' fees at a rate of $378.75 per hour, even though the case was "easy"); *Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-DLR, 2016 WL 8669298 at *2 (D. Ariz. Oct. 28, 2016) (awarding attorneys' fees for a twenty-year attorney and a

three-year attorney at rates of $475 and $375 per hour respectively). Attorney Creta also asserts that, "[b]ased on [her] review of case law and personal discussions with attorneys who perform similar work, [her rates] are reasonable and customary in the Phoenix market for FLSA wage and hour cases." (Doc. 100-2 ¶ 12.) The Court finds that Plaintiffs have met their initial burden of demonstrating the reasonableness of Counsel's hourly rates.

Next, the Court must consider whether a reasonable number of hours were expended by Plaintiffs' counsel. *Coe*, 2022 WL 508841, at *1. Attorney Creta's original request was for 339.30 hours. (Doc. 100-9 at 16.) This number reflects a summation error; her original request should reflect 353.0 to include all the hours billed in her initial request. (Doc. 100-9.) She asserted that she arrived at this number after "attempt[ing] to eliminate time entries attributable to the unsuccessful claims." (Doc. 104 at 5, *see also* Doc. 100-2 ¶ 28.) She also requested 20.40 hours for time spent on the Plaintiffs' reply to their own motion for attorneys' fees. (Doc. 104-1 at 2.)

Defendants assert that the total billed hours are unreasonable. (Doc. 103 at 8–9.) Specifically, they contend that 86.7 hours "spent on various tasks performed in connection with the parties' dispositive motion practice and settlement conference" and 48.8 hours "spent on 'depositions'" are unreasonable sums. (*Id.* at 8.) The Court has reviewed Attorney Creta's time entries and finds that 86.7 hours was a reasonable amount of time to spend on the parties' dispositive motion practice and settlement conference. Defendants point to no specific time entries that they assert are unjustified. Likewise, 48.8 hours was a reasonable amount of time to spend on depositions. Again, Defendants specify no particular time entry, but object to the sum. Accordingly, the Court declines to strike any specific time entry.

Additionally, Defendants argue that a reduction of Attorney Creta's total hours billed is necessary to account for "the significantly limited extent of [Plaintiffs'] eventual success in this case." (Doc. 103 at 9; *see also id.* at 2–5.) This argument is based on the eighth *Kerr* factor, which considers ". . . the results obtained." *Kerr* 526 F.2d at 70; *see*

*also* LRCiv. 54.2(c)(3)(H).[3] Defendants advocate that a reduction in the range of twenty-six to fifty percent is warranted. Attorney Creta asserts that because she has already reduced her billed hours "to account for work on the unsuccessful claims," any further reduction in fees "would result in an improper double penalty." (Doc. 104 at 5–6.)

The Court may not reduce an attorneys' fee award twice— once "for unsuccessful claims, and again if the final award reflects only partial success." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (quoting *Blum v. Stetson*, 465 U.S. 886, 900 (1984)) (internal quotation marks omitted). Attorney Creta submitted a spreadsheet showing hours worked that she claims already contained deductions for time spent on unsuccessful claims. (Doc. 104 at 5–6.) But it is within the Court's discretion to reduce the fee award, not Counsel's. *See id.* at 487. Here, the Court must assess what deductions are necessary for unsuccessful claims and partial success. So, instead of Attorney Creta's claimed amount of 339.30 hours (Doc. 100-9 at 16), the Court considers the total amount of 396.2, a figure that includes the original amount of hours billed without the summation error, the hours deducted by Attorney Creta, and the hours spent on the reply.

It is true that the level of success achieved by the plaintiff is "a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). In fact, "[i]t is an abuse of discretion . . . to award attorneys' fees without considering the relationship between the extent of success and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994) (internal quotations omitted). Still, "the Ninth Circuit has made clear that attorneys' fee awards should not be made strictly proportional to the amount recovered in the case." *McNamara v. Infusion Software, Inc.*, No. CV-17-04026-PHX-SPL, 2020 WL 4921984, at *7 (D. Ariz. Aug. 21, 2020) (citing *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012).

To determine whether the "extent of success" factor warrants a reduction in the total

---

[3] This reduction accounting for the results obtained should be applied to the reasonable hours analysis within the lodestar determination. It should not be applied to the final loadstar amount, as Defendants imply. *See Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988) (abrogated on unrelated grounds).

hours billed here, the Court must consider whether the claims on which Plaintiffs failed are unrelated to the claims on which they succeeded. *Hensley*, 461 U.S. at 434; *see also Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002). If the claims are unrelated, the billed hours expended on the unsuccessful claims must be discarded. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). If the claims are related, the Court must evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

"The test for relatedness of claims is not precise." *Thorne*, 802 F.2d at 1141 (citing *Hensley*, 461 U.S. at 437, n. 12). Essentially, "the claims are related if they 'involve a common core of facts *or* are based on related legal theories.'" *Wood v. Betlach*, No. CV12-08098-PCT-DGC, 2017 WL 1398552, at *5 (D. Ariz. Apr. 19, 2017) (quoting *Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003)) (emphasis in original). "[T]he focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'" *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 903 (9th Cir. 1995).

The parties dispute whether Plaintiffs' unsuccessful and successful claims are related. (Doc. 103 at 3, Doc. 104 at 4.) Plaintiffs' successful claims were Counts I–IV of their Amended Complaint. (Doc. 1 at 9–12.) These claims alleged violations of the FLSA, the Arizona Minimum Wage Act, and the Arizona Wage Laws. (*Id.*) Plaintiffs' unsuccessful claims were Counts V and VI of their Amended Complaint. (*Id.* at 12–14.) These claims alleged violations of the Arizona Fair Wage and Healthy Families Act and the recordkeeping requirements of the Arizona Wage Laws. (*Id.*) The Court finds Counts I–IV and Counts V and VI are not factually and legally distinct. Counts II and III arise out of related legal theories; each claim alleges that Defendants failed to pay Ms. Finton her statutorily owed minimum wages. Furthermore, Counts I–VI arise out of a common core of facts and the same course of conduct. They are each grounded in Defendants' failure, at the expense of Plaintiffs, to comply with statutory requirements imposed upon them as employers. Consequently, the Court finds that Counts I–VI are related.[4]

---

[4] The parties seem to agree that Plaintiffs' Title VII claim, which was abandoned before the case was initiated, is unrelated to Plaintiffs' successful claims. (*See* Doc. 103 at 2 and

- 8 -

Therefore, as to Counts I–VI, the Court must assess the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 435–36.

Whether "excellent results" have been obtained, as opposed to partial or limited success, is within the Court's discretion. *Schwarz*, 73 F.3d at 902. Here, Plaintiffs achieved limited success. Though the mere fact that Plaintiffs "failed to prevail on every contention raised in the lawsuit," does not preclude a conclusion that they achieved excellent results, *Hensley*, 461 U.S. at 435, a designation in such a context is proper only "where a plaintiff, who has achieved excellent results, has lost skirmishes along the way," *Schwarz*, 73 F.3d at 905. Plaintiffs have lost more than mere skirmishes. While it is true that they recovered the full extent of their alleged damages in Counts I–IV, they were entirely unsuccessful on Counts V and VI. This lack of success is not insignificant. The damages attributed to Counts V and VI constitute approximately seventy-three percent of the total damages originally alleged.

Because Plaintiffs "recovered only a portion of the alleged damages," a substantial reduction in the number of reasonable hours billed is necessary. *Reyes v. LaFarga*, No. CV-11-01998-PHX-SMM, 2015 WL 12425810, at *5 (D. Ariz. July 16, 2015); *see also Int'l Bhd. of Carpenters and Joiners of Am., AFL-CIO, Loc. Union No. 217 v. G.E. Chen Constr., Inc.*, 136 Fed. App'x 36, 39 (9th Cir. 2005). But Plaintiffs' attorneys' fees should not be reduced in rigid proportion to the amount of damages obtained. *Reyes*, 2015 WL 12425810, at *5; *see also Evon*, 688 F.3d at 1033. "The determination to be made, rather, is the amount that constitutes a reasonable fee in light of all the circumstances in the case." *O'Neal v. Am.'s Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2017 WL 1311670, at *7

Doc. 104 at 2–4.) Because Plaintiffs did not include any billable hour entries associated with Count VII, the issue is moot. (*See* Docs. 100-9, 106-1, and 106-2.)

(D. Ariz. Apr. 5, 2017).

The Court finds that a reduction of forty percent of the hours billed, rather than Defendant's requested seventy-three to fifty percent, is sufficient to account for Plaintiffs' limited success given the case history. This number accords with prior precedent in the District of Arizona and the Ninth Circuit. *See e.g., Reyes*, 2015 WL 12425810, at *5–6 (reducing the requested fee amount by seventy-nine percent as opposed to the ninety-six percent which would have been strictly proportional to the amount of damages recovered); *Int'l Bhd. of Carpenters and Joiners of Am., AFL-CIO, Loc. Union No. 217*, 136 Fed. Appx. at 39 (reducing the requested fee amount by approximately sixty-seven percent instead of the proportional 99.99 percent). While Plaintiffs received less than one third of their originally alleged damages, they recovered "the full amount of allowable statutory damages . . . represent[ing] a complete recovery under the statutory scheme" on four of their six claims. *Evon*, 688 F.3d at 1033. Further, Plaintiffs' success on Counts I-IV "vindicate[ed] congressionally identified policies and rights." *Reyes*, 2015 WL 12425810, at *5 (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994)). Though Plaintiffs did not achieve the sort of excellent results which would justify the award of all requested fees, the Court finds that they achieved sufficient success to justify an award of sixty percent of their requested fees. Applying this forty percent reduction to counsel's 396.2 billed hours, the Court finds that 237.72 hours would have been a reasonable amount to expend on this litigation.

In sum, the Court finds that the hourly rates of $350 per hour in 2019, $365 per hour in 2020, and $375 per hour in 2021 and 2022 were reasonable. Additionally, the rate of $150 per hour for work performed by Attorney Creta that could have been performed by a paralegal was reasonable. Likewise, the rates of $95, $35, and $20 for senior paralegal services, junior paralegal services, and the services of a legal research assistant were reasonable. Finally, the Court finds that 245.94 hours was a reasonable amount to expend on this matter. Therefore, the Court awards Plaintiffs $82,823.10 in attorneys' fees.[5]

---

[5] The Court determined this number by first compiling the total number of hours billed at each separate rate within the time records (*See* Docs. 100-9, 104-1, and 106-1.) 26.8 hours

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED granting in part and denying** in part Plaintiffs' motion for attorneys' fees.  (Doc. 100.)

**IT IS FURTHER ORDERED** that the Defendant shall pay $82,823 in attorneys' fees within 30 days from the date of this order.

**IT IS FINALLY ORDERED** Plaintiffs shall file a notice of satisfaction within 7 days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 11th day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

were billed at $350 per hour, 3 hours were billed at $95 per hour, 13.3 hours were billed at $150 per hour, 212.2 hours were billed at $365 per hour, 128.5 hours were billed at $375 per hour, 4.5 hours were billed at $20 per hour, and 21.6 hours were billed at $30 per hour. Each of these total hours billed were multiplied by 0.6 to reflect a forty percent reduction. The result was that, after the forty percent reduction, 16.08 hours were billed at $350 per hour, 1.8 hours were billed at $95 per hour, 7.98 hours were billed at $150 per hour, 127.32 hours were billed at $365 per hour, 77.1 hours were billed at $375 per hour, 2.7 hours were billed at $20 per hour, and 12.96 hours were billed at $30 per hour.